IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLI RODRIGUEZ,<br>　　　　Plaintiff,<br><br>　　　　v<br><br>ALLEGHENY COUNTY and ALLEGHENY<br>COUNTY DEPARTMENT OF EMERGENCY<br>SERVICES,<br>　　　　Defendants. | 2:14-cv-1690 |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 9), filed by Defendants ("Allegheny County") with brief in support. Plaintiff Kelli Rodriguez ("Rodriguez") filed a response and brief in opposition to the motion (ECF Nos. 12, 13). The motion is ripe for disposition.

Factual and Procedural Background

Rodriguez was hired as a dispatcher at the Allegheny County 9-1-1 call center on September 3, 2013. Her employment was terminated on December 18, 2013. Rodriguez asserts claims of employment discrimination under Title VII and the Pennsylvania Human Relations Act ("PHRA") for a hostile work environment; gender and race discrimination; and retaliation.

Rodriguez filed her original Complaint in state court and Defendants timely removed the case to this Court. Defendants filed a motion to dismiss the original complaint, with a brief in support. Instead of responding to the motion, on January 10, 2015 Rodriguez filed an Amended Complaint. Accordingly, the Court denied Defendants' motion to dismiss the original Complaint as moot. Defendants renewed their challenges to the legal merit of Rodriguez's claims by filing a motion to dismiss the Amended Complaint. The Court again issued an Order for Plaintiff to

respond to the motion. Again, instead of responding to the motion, on February 9, 2015 Rodriguez filed a Second Amended Complaint. Defendants then filed the instant motion to dismiss the Second Amended Complaint. Rodriguez was ordered to respond to the instant motion by March 16, 2015. She did so. However, as part of her response she seeks leave to file yet another Complaint if Defendant's motion is granted in full – which would be her fourth Complaint in this case.

Pursuant to Fed. R. Civ. P. 15, a plaintiff is permitted to amend a complaint "as a matter of course" just once. In this case, Plaintiff has already used her amendment "as a matter of course." By rule, a plaintiff is prohibited from evading a defendant's arguments for dismissal by submitting serial amended Complaints. Instead, she may amend her pleading more than once "only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The Court recognizes that it should freely allow Plaintiffs leave to amend when justice so requires. However, Rodriguez has already had three "bites at the apple" in this case, as she has repeatedly amended her complaint in response to Defendants' prior motions to dismiss. Rodriguez has failed to satisfy Rule 15(a)(2) and she has failed to articulate any reason why the Court should countenance a fourth bite at the apple. Such repetitive amendments constitute undue prejudice to Defendants and are not consistent with the just, speedy and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

The Court denies leave to amend and the proposed Third Amended Complaint is hereby stricken.[1] The Second Amended Complaint shall constitute the operative pleading. No further amendments will be permitted except upon good cause shown.

---

[1] The Court notes that the proposed Third Amended Complaint asserts the exact same causes of action as the Second Amended Complaint. Although the factual allegations are somewhat more detailed, Plaintiff has failed to demonstrate that these facts were previously unavailable such that

2

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. The Court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007), the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. First, the Court must separate the factual and legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (citing *Iqbal*, 556 U.S. at 679). Determining "plausibility" is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

Legal Analysis

Defendants contend that this case should be dismissed in its entirety. In her response, Rodriguez concedes that "Allegheny County Department of Emergency Services" is not a proper

---

they could not have been included in the earlier pleadings. In any event, the additional facts would not affect the Court's legal analysis.

3

Defendant and should be removed from the case. Rodriguez further concedes that she is not entitled to recover punitive damages. However, Rodriguez maintains that each of her claims against Allegheny County is valid.

As an initial matter, the same legal standards govern claims under Title VII and the PHRA, such that they will be addressed together. As to the hostile work environment claims (Counts 1 and 2), Allegheny County argues that the allegations do not amount to "severe and pervasive" misconduct. As to her claims of discrimination (Counts 3-6), Allegheny County contends that Rodriguez has failed to plead any facts to show that she was treated differently (or terminated) because of her gender and/or her race. As to the retaliation claims (Counts 7 and 8), Allegheny County argues that Rodriguez has failed to plead any causal connection between the alleged protected activity and the adverse employment action. The Court turns to these issues seriatim.

1. Hostile Work Environment Claims

A hostile work environment can be proven by the totality of the circumstances. Rodriguez was employed at the 9-1-1 center for approximately three months. In the Second Amended Complaint, Rodriguez pleads numerous incidents of unwelcome conduct that were at least somewhat related to her gender and/or race. To wit: (1) Legin, her immediate training supervisor, stated in her presence that she was "a spick … or maybe Mexican, who gives a fuck it's the same thing"; (2) Janssen, her supervisor, refused to allow her to wear a hat at work because that was a "black thing"; (3) Legin told her not to cut her hair short because "long hair is hot as fuck" and said that if he was not married, he would tell her how he truly felt about her; and (4) Legin asked her if she "liked to fuck niggers." In addition, Legin allegedly engaged in other

4

hostile conduct which was less directly tied to Rodriguez's gender or race, including: on multiple occasions Legin screamed in her face and told her she was stupid while emergency callers were on the line; Legin pointed out her mistakes to co-workers; Legin yelled at her such that she would cry; and Legin stated "I want to punch you right in your fucking face." Rodriguez avers that Legin's conduct made her extremely nervous and uncomfortable.

Rodriguez sent an email to Janssen in which she asked to be transferred away from Legin. Janssen held a meeting, but did not transfer her. Eventually, a co-worker reported Legin's harassment to higher authorities and Rodriguez was assigned to a different training supervisor, Andrea Carroll. Rodriguez pleads that Carroll was complimentary of her performance, but that Janssen became harshly critical of her work after she was re-assigned.

The elements of a hostile work environment claim are: (1) the employee suffered intentional discrimination because of her sex (or race), (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person of the same sex or race in that position, and (5) the existence of respondeat superior liability. *See Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001). The Court concludes that the Second Amended Complaint sets forth a plausible hostile work environment claim. Although the total number of alleged incidents may be limited, all of the incidents occurred within a very compressed three-month time frame. Taking the allegations as true, the harassment was sufficiently severe that a co-worker felt compelled to report the conduct to higher-ups. Legin's behavior resulted in Rodriguez being reassigned to a different trainer. In sum, viewed in the light most favorable to Plaintiff, a factfinder could conclude that the alleged harassment from her direct training supervisor detrimentally affected her working conditions and created a hostile work environment.

The motion to dismiss will be **DENIED** as to Counts 1 and 2.

2. Gender/Race Discrimination Claims

To establish a claim for discrimination on the basis of her gender and/or her race, Rodriguez must plead a prima facie case that she is: (1) a member of a protected class(es); (2) that she was qualified to perform her job; (3) that she suffered an adverse employment action; and (4) that discrimination based on her gender and/or race can be inferred from the circumstances. *Sarullo v. United States Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003).

Allegheny County argues that Rodriguez has failed to plead any facts to support an inference that she was terminated because of her gender and/or her race. In response, Rodriguez essentially reiterates the facts which underlie her hostile work environment theory.

Disparate treatment claims are analytically distinct from hostile work environment claims and address different types of harms. Hostile work environment claims target harassment. As the Supreme Court explained in *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 64-67 (1986), "hostile work environment claims provide a means of redress under Title VII for discrimination that does not take the more traditional form of a tangible or economic loss but rather for discrimination that contaminates the psychological aspects of the workplace to the degree that the conditions of the workplace are altered." *Parker v. State of Del., Dep't of Pub. Safety*, 11 F. Supp. 2d 467, 475 (D. Del. 1998) (warning of the "dangers" of blurring the distinctions between these theories).

The Court concludes that Rodriguez has failed to plead a cognizable disparate treatment claim. Notably, the alleged primary harasser (Legin) was not involved in the decision to terminate her employment. The Second Amended Complaint avers that Rodriguez was

terminated on December 18, 2013 by Carol Janssen and Rebecca Frazier, the Chief of Administration.[2] Other than one off-hand comment by Janssen about Rodriguez wearing a hat, there are no facts pled regarding any racial or gender bias by Janssen or Frazier. Nor are there any facts regarding disparate treatment of a similarly-situated comparator.

Rodriguez states that she was never given a reason as to why she was terminated. However, the Second Amended Complaint avers that she was terminated shortly after an incident in which Janssen publicly criticized the way that Rodriguez handled a 9-1-1 call. *See* Second Amended Complaint ¶¶ 28-29. There are simply no facts to support an inference that Janssen's criticisms or the decision to terminate her employment were related in any way to Rodriguez's gender and/or race.

The Second Amended Complaint (Plaintiff's <u>third</u> attempt to plead plausible claims) merely alleges conclusorily that she was terminated because of her gender and/or her race. Such bald, unsupported legal conclusions are not entitled to any weight and will be disregarded. *See Fowler*, 578 F.3d at 210.

In accordance with the foregoing, the motion to dismiss is **GRANTED** as to Counts 3-6.

3. Retaliation Claims

To state a cognizable retaliation claim, Rodriguez must plead that she: (1) participated in a protected activity; (2) suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 331, 340 (3d Cir. 2006). Defendant contends that Rodriguez has failed to plead any actionable causal connection. In response, Plaintiff contends that she has pled that she was "treated worse" after she complained about Legin's harassment.

---

[2] Both of the alleged decision-makers are female. Their race is not pled.

The Court agrees with Defendant. As noted above, Plaintiff has made at least three attempts to plead plausible claims in response to motions to dismiss. Nevertheless, she has failed to plead any facts which would support a plausible retaliation claim.

The only protected activity alleged by Rodriguez was her undated request, in an email to Janssen, to be transferred away from Legin due to his alleged harassment. Rodriguez's email request did not result in a transfer. Notably, the report that actually resulted in a transfer was made (at an unspecified later time) by a co-worker. *See* Second Amended Complaint ¶ 25. Rodriguez has failed to plead any facts from which the Court could infer that Janssen retaliated against Rodriguez based on her original email. To the contrary, the Second Amended Complaint states that Janssen began to criticize her work "after the transfer" (which resulted from the co-worker's report to higher-ups). *See* Second Amended Complaint ¶ 27. Moreover, Rodriguez merely alleges conclusorily that she was treated worse, but provides no supporting facts. The Second Amended Complaint reflects that Legin engaged in repeated alleged harassment early in Rodriguez's employment but that she suffered no such harassment after being transferred to her new training supervisor, Andrea Carroll. *See* Second Amended Complaint ¶ 26. A bald, unsupported legal conclusion that Rodriguez was "treated worse" after she asked for a transfer is not entitled to any weight and will be disregarded. *See Fowler*, 578 F.3d at 210.

In accordance with the foregoing, the motion to dismiss will be **GRANTED** as to Counts 7 and 8.

Conclusion

Defendant has filed numerous motions to dismiss this case in its entirety. Plaintiff has made numerous attempts to amend her complaint in an effort to state cognizable claims. It is now long past time to move beyond the pleading stage.

It is clear that the real gravamen of Plaintiff's case is based on a hostile work environment theory. For the reasons set forth above, the Court concludes that her hostile work environment theory is viable. The sole remaining Defendant, Allegheny County, shall file an Answer as to Counts 1 and 2 on or before April 20, 2015. In stark contrast, as explained above Plaintiff has failed to plead plausible claims for gender or race discrimination or for retaliation, despite numerous opportunities to do so. Accordingly, Counts 3-8 of the Second Amended Complaint will be **DISMISSED WITH PREJUDICE** and without leave to amend.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLI RODRIGUEZ,<br>    Plaintiff,<br><br>v<br><br>ALLEGHENY COUNTY and ALLEGHENY COUNTY DEPARTMENT OF EMERGENCY SERVICES,<br>    Defendants. | 2:14-cv-1690 |

# ORDER OF COURT

**AND NOW**, this 2nd day of April 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 9) is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1) the motion is DENIED as to Counts 1 and 2;

(2) the motion is GRANTED as to Counts 3-8, which are hereby DISMISSED WITH PREJUDICE and without leave to amend;

(3) the motion is GRANTED in that Plaintiff concedes that she is not entitled to recover punitive damages; and

(4) the motion is GRANTED in that "Allegheny County Department of Emergency Services" is hereby removed as a party.

The caption is amended as follows:

| | |
|---|---|
| **KELLI RODRIGUEZ,**<br>　　　　　**Plaintiff,**<br><br>　　　　　v<br><br>**ALLEGHENY COUNTY,**<br>　　　　　**Defendant.** | )<br>)<br>)<br>) 2:14-cv-1690<br>)<br>)<br>) |

The sole remaining Defendant, Allegheny County, shall file an Answer as to Counts 1 and 2 of the Second Amended Complaint on or before April 20, 2015.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:　**Joseph Pometto, Esquire**
　　　Email: j@lawkm.com
　　　**Michael L. Kraemer, Esquire**
　　　Email: M@Kraemer-Law.com
　　　**Martell Harris**
　　　Email: mh@lawkm.com
　　　**Virginia Spencer Scott, Esquire**
　　　Email: virginia.scott@alleghenycounty.us